1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLAY ROUECHE,

Petitioner,

v.

THE UNITED STATES OF AMERICA,

Respondent.

Case No.  C13-2165RSL

ORDER DENYING MOTION
TO VACATE, SET ASIDE, OR
CORRECT SENTENCE
UNDER 28 U.S.C. § 2255

## I.  INTRODUCTION

This matter comes before the Court on Petitioner Clay Roueche's motion to
vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255.  Dkt. # 1.[1]
Petitioner challenges the sentence imposed after he pled guilty to conspiracy to export
cocaine, conspiracy to import marijuana, and conspiracy to engage in money laundering
in CR07-344RSL.  Dkt. # 1 at 1, 13.  Having considered the memoranda and exhibits
submitted by the parties, and the remainder of the record, the Court DENIES
Petitioner's § 2255 motion.[2]

_____

[1] "Dkt." refers to docket entries in Petitioner's § 2255 case.  "CR" refers to docket
entries in the underlying criminal case, CR07-344RSL.

[2] Petitioner's request to continue the noting date of his § 2255 motion is GRANTED.
Dkt. # 10 at 1 n.1.  The Court has considered Petitioner's reply memorandum, which was
received after the original noting date of his § 2255 motion.  Dkt. # 10.

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 1

## II.  BACKGROUND

In October 2007, Petitioner, a Canadian citizen, and eight co-defendants were charged with conspiracy to possess cocaine with intent to distribute and to export, conspiracy to import marijuana, and conspiracy to engage in money laundering. CR # 1. Petitioner was arrested in Texas on May 19, 2008.  CR # 28.  A few months after Petitioner was arrested, a grand jury returned a Superseding Indictment, which charged Petitioner with conspiracy to export cocaine, conspiracy to distribute cocaine, conspiracy to import marijuana, using and carrying a firearm during a crime of drug trafficking, and conspiracy to engage in money laundering.  CR # 49.  On April 28, 2009, Petitioner pled guilty to one count of conspiracy to export cocaine, one count of conspiracy to import marijuana, and one count of conspiracy to engage in money laundering.  CR # 257 at 1.  In exchange, the government agreed to dismiss the remaining charges against Petitioner.  CR # 258.

The Court sentenced Petitioner to 360 months of imprisonment followed by five years of supervised release.  CR # 535 at 2-3.  The Court adopted the offense level calculations set forth in the Pre-sentence Report.  In doing so, the Court applied a two level enhancement to Petitioner's base offense level for possession of a firearm during the course of the conspiracy, a two level enhancement for use of an aircraft to import and export controlled substances, a four level enhancement based on Petitioner's leadership role in the offenses, and a two level enhancement for the money laundering conviction.  See CR # 371 at 37-38.  The Court also applied a three level decrease to Petitioner's base offense level for acceptance of responsibility.

On direct appeal, the Ninth Circuit found that the Court erred by failing to resolve certain disputed facts in the Pre-sentence Report and failing to rule on Petitioner's objections to two declarations submitted for the sentencing proceeding.  CR

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 2

# 378 at 3-5.  The Ninth Circuit reversed the Court's sentence and remanded the case for re-sentencing.  Id. at 7.  On February 15, 2011, the Court imposed the same sentence of 360 months of imprisonment followed by five years of supervised release.  CR # 387. The Court entered an amended judgment on February 22, 2011.  CR # 389.  Petitioner did not appeal.

Petitioner filed his § 2255 motion to vacate on November 26, 2013.[3]  Dkt. # 1 at 13.  Petitioner argues that his constitutional rights were violated when the Court increased his base offense level based on the quantity of drugs involved, his leadership role, and the use of an airplane to import and export controlled substances.  Dkt. # 1-2 at 23-26.  Relying on the Supreme Court's recent decision in Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314  (2013), Petitioner contends that the facts supporting these enhancements must be found by a jury, not a judge, because they increase the mandatory minimum sentence.  Id. at 26-31.  In addition, Petitioner claims that even if Alleyne does not apply to his case, the Court erred by applying those enhancements to his base offense level.  Id. at 31-38.

## III.  DISCUSSION

**A. Timeliness**

A motion by a federal prisoner for post conviction relief under 28 U.S.C. § 2255 is subject to a one-year statute of limitation.  This one-year limitation period runs from the latest of the following four events:  (1) the date the judgment of conviction becomes final; (2) the date a government-created impediment to filing is removed; (3) the date the right asserted is initially recognized by the Supreme Court, if that right has been newly

---

[3]  Although the Court did not receive Petitioner's § 2255 motion until December 2, 2013, see dkt. # 1-1 at 1, under the "prison mailbox rule," Petitioner's habeas petition is deemed filed on the date he handed it over to prison authorities for mailing to the Court. Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 3

recognized and made retroactively applicable to cases on collateral review; or (4) the date the facts supporting the claims become discoverable.  28 U.S.C. § 2255(f)(1)-(4).

Here, subsections (f)(1) and (f)(2) are not applicable.  First, when a federal prisoner fails to seek direct review, a judgment of conviction becomes final at the expiration of the time during which he could have sought review by direct appeal.  United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001).  The date by which Petitioner was required to file a notice of appeal was 14 days after the Court entered the amended judgment. Fed. R. App. P. 4(b)(1)(A).  Therefore, Petitioner's conviction became final on March 9, 2011.  Second, with respect to subsection (f)(2), Petitioner does not suggest that a government-created impediment was recently removed.

Rather, Petitioner contends that his motion is timely pursuant to § 2255(f)(3) and (f)(4) based on the Supreme Court's decision in Alleyne.  Dkt. # 1-2 at 8-11.  In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum sentence must be submitted to the jury and proved beyond a reasonable doubt.  133 S.Ct. at 2155.  A § 2255 motion asserting a newly recognized right is timely if it is filed within one year of the date on which the right was recognized by the Supreme Court and that right has been made retroactively applicable to cases on collateral review.  Petitioner's argument that his motion is timely based on the new right recognized in Alleyne fails for two reasons.

First, Alleyne does not apply to sentencing enhancements that do not increase the statutory mandatory minimum.  United States v. Vallejos, 742 F.3d 902, 906-07 (9th Cir. 2014).  Here, the sentencing enhancements applied to Petitioner did not affect the statutory minimum sentence and were treated as advisory.  Thus, Alleyne is not applicable.

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 4

Second, even though <u>Alleyne</u> adopted a new rule, it does not apply retroactively to cases on collateral review.  There are two categories of new rules that apply retroactively to cases in which convictions have become final:  (1) substantive rules, which include "decisions that narrow the scope of a criminal statute by interpreting its terms," and " constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish," and (2) "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351-52 (2004) (internal quotation marks and citations omitted).  In <u>Schriro</u>, the Supreme Court held that its decision in <u>Ring v. Arizona</u>, 536 U.S. 584 (2002),which applied <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) to Arizona's law governing the imposition of the death penalty, does not apply retroactively.  The Court determined that the decision in <u>Ring</u> announced a procedural rule that was not a "watershed rule of criminal procedure." <u>Id.</u> at 358.  The Court's reasoning in <u>Schriro</u> applies equally to <u>Alleyne</u>, which is also an extension of <u>Apprendi</u>.

Although the Ninth Circuit has not considered whether <u>Alleyne</u> applies retroactively to cases on collateral review, several other Circuit Courts of Appeal have determined that <u>Alleyne</u> does not apply retroactively. <u>United States v. Redd</u>, 735 F.3d 88, 91-92 (2d. Cir. 2013); <u>United States v. Stewart</u>, 540 Appx. 171, 172 n.1 (4th Cir. 2013); <u>In re Payne</u>, 733 F.3d 1027, 1029-30 (10 Cir. 2013); <u>In re Kemper</u>, 735 F.3d 211, 212 (5th Cir. 2013); <u>Simpson v. United States</u>, 721 F.3d 875, 876 (7th Cir. 2013).  This Court is persuaded by the reasoning set forth by those courts and the Supreme Court's analysis in <u>Schriro</u>.  Thus, the Court finds that the new rule announced in <u>Alleyne</u> does not apply retroactively to cases on collateral review and Petitioner's § 2255 motion is not timely under § 2255(f)(3).

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 5

With respect to Petitioner's contention that his motion is timely under subsection (f)(4), the Court disagrees.  Petitioner argues that the Supreme Court's ruling constitutes a new fact that became available when the Supreme Court issued its decision on June 17, 2013.  Dkt. # 1-2 at 11.  He relies on <u>Johnson v. United States</u>, a case in which the Supreme Court held that a state-court order vacating a petitioner's conviction qualifies as a "fact" under § 2255(f)(4).  544 U.S. 295, 302 (2005).  In that case, the defendant's federal sentence was enhanced based on a prior state-court conviction which was later vacated.  After the conviction was vacated, the defendant sought federal habeas relief because the reason for the enhancement was no longer valid.  <u>Id.</u> at 300-02.  The Supreme Court determined that the vacatur qualified as a new fact for purposes of (f)(4).  The Court's holding in <u>Johnson</u> does not support Petitioner's position in this matter because there is a critical difference between <u>Johnson</u> and this case.  "In <u>Johnson</u>, the state-court decision in question was a decision in the petitioner's *own* case.  It did not merely establish an abstract proposition of law; rather, it directly eliminated [the petitioner's] legal status as a convict."  <u>Shannon v. Newland</u>, 410 F.3d 1083, 1088 (9th Cir. 2005) (emphasis in original) (rejecting petitioner's claim that an unrelated state-court decision constituted a new fact for statute of limitation purposes of 28 U.S.C. § 2244(d)(1)(D), the counterpart to 28 § 2255(f)(4).  Here, <u>Alleyne</u> is not a fact in Petitioner's case.  Rather, it announced a generally applicable legal rule.  Thus, the Court finds that § 2255(f)(4) does not apply to Petitioner's case.

**B.  Equitable Tolling**

"A § 2255 movant is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."  <u>United States v. Buckles</u>, 647 F.3d 883, 889 (9th Cir. 2011) (internal quotation marks and citation omitted).  A petitioner must show that the extraordinary circumstances caused his untimeliness.  <u>Id.</u>

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 6

1   Petitioner argues that he has diligently pursued his rights by filing his § 2255

2  motion as soon as possible after the basis for his claims was announced in <u>Alleyne</u>.  Dkt.

3  #1-2 at 13.  This argument is misplaced.  As explained above, <u>Alleyne</u> does not apply to

4  Petitioner's case because the sentencing enhancements applied by the Court did not

5  increase the statutory mandatory minimum sentence and they were advisory.

6  Furthermore, the change in law announced in <u>Alleyne</u> is not the type of extraordinary

7  event that warrants equitable tolling.  <u>See</u> <u>Holland v. Florida</u>, 560 U.S. 631, 651 (2010)

8  (serious instances of attorney misconduct may warrant equitable tolling); <u>Waldron-</u>

9  <u>Ramsey v. Pacholke</u>, 556 F.3d 1008, 1013 (9th Cir. 2009) ("Deprivation of legal

10  materials is the type of external impediment for which we have granted equitable

11  tolling.").  Tolling the statute of limitations in this case based on a change in law where

12  that change in law does not satisfy § 2255(f)(3)'s requirements would vitiate that

13  subsection.  The Court therefore finds that Petitioner has not met the burden for

     equitable tolling.

14  **C.  Evidentiary Hearing**

15   Petitioner requests an evidentiary hearing pursuant to 28 U.S.C. § 2255(b).  Dkt.

16  # 1-2 at 40.  Ninth Circuit law does not require an evidentiary hearing on a motion to

17  vacate under § 2255 if "the motion and the files and records of the case conclusively

18  show that the prisoner is entitled to no relief."  <u>United States v. Moore</u>, 921 F.2d 207,

19  211 (9th Cir. 1990).  Because the record clearly demonstrates that Petitioner's § 2255

20  petition was filed outside the statute of limitations and he is not entitled to equitable

21  tolling, Petitioner's request for an evidentiary hearing is DENIED.  <u>See</u> <u>Roy v. Lampert</u>,

22  465 F.3d 964, 969 (9th Cir. 2006) ("A habeas petitioner. . . should receive an

23  evidentiary hearing when he makes a good-faith *allegation that would, if true,* entitle

24  him to equitable tolling.") (emphasis in original) (internal quotation marks and citation

     omitted).

25

26  ORDER DENYING MOTION TO VACATE,
     SET ASIDE OR CORRECT CONVICTION
     AND SENTENCE UNDER 28 U.S.C. § 2255 - 7

**D. Request for Counsel**

There is no constitutional right to counsel in a post-conviction § 2255 proceeding.  Sanchez v. United States, 50 F.3d 1448, 1456 (9th Cir. 1995).  Because the Court concludes that an evidentiary hearing is not necessary, the Court is not required to appoint counsel.  Rule 8(c), Rules Governing § 2255 Proceedings for the United States District Courts.  Furthermore, the issues presented are not inherently complex and Petitioner has adequately articulated his claims.  The appointment of counsel in this matter is therefore unnecessary.  Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.").

**E. Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of his petition only after obtaining a certificate of appealability from a district or circuit court.  A certificate of appealability may issue only where a petitioner has made " a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(3).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  Under this standard, the Court concludes that Petitioner is not entitled to a certificate of appealability.

### IV.  CONCLUSION

For all of the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence (Dkt. # 1) is DENIED.  The Court declines to issue a certificate of appealability.

ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 8

1        DATED this 21st day of April, 2014.

2

3

4

5                             Robert S. Lasnik
                             United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 - 9